UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHNNY LEE HOWZE,                )        CASE NO. CV 14-1341 SVW (RZ)
                                 )
                  Plaintiff,     )
                                 )        MEMORANDUM AND ORDER
       vs.                       )        DISMISSING COMPLAINT WITH
                                 )        LEAVE TO AMEND
NURSE E. MALAN,                  )
                                 )
                  Defendants.    )
                                 )

       The *pro se* and *in forma pauperis* plaintiff is a state inmate.  He brings this 42 U.S.C. § 1983 action against a prison nurse for her alleged failure to respond to his medical needs.  Due to certain pleading flaws discussed below, the Court will dismiss the initial complaint with leave to amend.

## I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

       The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*.  *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally).  The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim.   *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting, and including original emphasis from, *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (courts weighing dismissal should not accept, as true, allegations "that are no more than conclusions" and should dismiss if the well-pleaded allegations do not "plausibly suggest" an entitlement to relief).

A *pro se* plaintiff's civil rights complaint must be construed liberally, and the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."   *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).   A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge.   *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.**

**SUMMARY OF ALLEGATIONS**

Plaintiff has an enlarged prostate that makes urination difficult.   From time to time he has been unable to urinate at all – "urinary retention" is the technical term – and has needed medical intervention.   On September 20, 2013, Plaintiff suffered such a bout of urinary retention.   He visited Defendant, the on-duty triage nurse, and told her he was in great pain after being unable to urinate for ten hours.   She told him to fill out a form to obtain a required pass to go to the nearby East Clinic but did not furnish the form.   She then walked away from her station despite knowing Plaintiff's urgent medical needs.   A nearby guard wrote Plaintiff a pass to the clinic, where Plaintiff was treated the same day.

(Plaintiff does not allege how many additional minutes he was made to wait for care due to Defendant.)   Plaintiff claims that Defendant's actions (1) violated a state regulation mandating prompt emergency *dental* care, (2) were deliberately indifferent and (3) violated his Fourteenth Amendment right to equal protection.   Only Claim 2 lacks obvious shortcomings.

### III.

### SHORTCOMINGS IN THE COMPLAINT

**A.   Claim 3 States No Valid Equal Protection Claim**

**1.   Applicable law**

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws."   U.S. CONST. amend. XIV, § 1. This is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985).   It is not enough to show mere differential treatment.   A party must allege and prove the presence of an unlawful intent to discriminate against him for an invalid reason.   *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497 (1944). Heightened court scrutiny may apply where a State's acts discriminate against a "suspect class" of persons or infringe upon a fundamental right.   *See Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).   Most other classifications, however, need only be rationally related to a legitimate government purpose to withstand an equal protection challenge.   *See Cleburne*, 473 U.S. at 400; *Robinson v. Marshall*, 66 F.3d 249, 251 (9th Cir. 1995).

**2.   Analysis**

Plaintiff alleges that Defendant "treated [him] in a manner unequal to similarly situated (yet non-chronically disabled) persons (loss of consciousness, heart attack, assault victims, etc.) typically who[] receive emergency medical care – without question, hesitation

or debate . . . ." Comp. 4-5. But Plaintiff does not allege being treated worse than *similarly* situated persons. On the contrary, Plaintiff's factual allegations tend to show that he was treated with less than utmost urgency precisely because Defendant judged that he did not need to be seen quite as promptly as someone she believed was having a heart attack. (Presumably prison medical staff do not require known heart attack victims to fill out forms before aid is given. In contrast, it appears, Defendant judged that Plaintiff *was* able to fill out a form, although she allegedly did not provide it.) Urinary retention is a serious condition, but some conditions may reasonably be viewed as being more serious. Plaintiff states no Equal Protection Clause violation by alleging that he was treated with less urgency than a heart attack victim.

Plaintiff also alleges that he is a member of a "suspect class" of "disabled inmates." He is wrong as a matter of law. Although disabled persons enjoy various statutory protections, such as the Americans With Disabilities Act, they are not a suspect class for purposes of equal protection analysis. *See Cleburne*, 473 U.S. at 442 (mentally disabled claimants not a suspect class); *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) (physically disabled inmates not a suspect class); *accord, Serrano v. Francis*, 345 F.3d 1071, 1079 n.6 (9th Cir. 2003) ("individuals with disabilities do not qualify as a 'suspect class'") (*dicta*).

### B. Claims 1 Relies On A State Regulation Involving Only *Dental* Care

In Claim 1, Plaintiff asserts the Defendant's acts and omissions violated not only his Eighth Amendment rights but also his "civil right to emergency medical care" based on a state prison regulation. (The Eighth Amendment aspect of Claim 1 is duplicative of Claim 2, a straightforward claim of deliberate medical indifference.) The state regulation upon which Plaintiff bases Claim 1 is CAL. CODE REGS, tit. 15, § 3354(f)(1). But subsection f is entitled "Dental Priority Classification (DPC) Codes," and its sub-subsection 1 requires that certain *dental* patients receive treatment within 24 hours of being classified as "emergency" cases. Although serious, Plaintiff's ailment is

not a dental one.  Perhaps another state law requires emergency care for inmates like Plaintiff, but the dental regulation he cites does not.

## IV.

### CONCLUSION

Based on the foregoing, the initial complaint hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order.  If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above.  *See Edwards v. Marin Park*, *Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal the action for failure to prosecute and for failure to comply with this Order.  *See id*.

///
///
///
///
///

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then the action may be dismissed.**

IT IS SO ORDERED.


DATED:      March 5, 2014


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE